# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

| | |
|---|---|
| ROSALBA SERRANO, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-00061 |
| USI SOLUTIONS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## **COMPLAINT**

NOW comes ROSALBA SERRANO ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of USI SOLUTIONS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C.

§§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Florida a subtotal portion of the event that gave rise to this action occurred within the Northern District of Florida.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age and a "person," as defined by 47 U.S.C. §153(39).

5. Defendant promotes itself as "a creditor's rights firm that specializes in debt collection."[1] Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business located at 408 Mill St., Bristol, Pennsylvania 19007. Defendant regularly collects from consumers in the State of Florida.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

---

[1] http://unitrustsolutionsinc.com/

8.  The instant action stems from Defendant's attempts to collect upon a defaulted personal loan ("subject debt") that Plaintiff purportedly owed to Mark One Financial ("Mark One").

9.  The subject debt was incurred in order to finance the purchase of Plaintiff's personal automobile.

10. Around December 2019, Defendant began its collection campaign by telephonically contacting Plaintiff.

11. Upon speaking with Plaintiff, Defendant employed harassing collection tactics to forcefully extract payment from Plaintiff.

12. Plaintiff hesitated to speak with Defendant, and in response, Defendant read to Plaintiff her entire Social Security number and date of birth during a recorded telephone conversation as an intimidation tactic.

13. Defendant also alluded that it would pursue a collection lawsuit as it referred to its collection efforts as a "claim" it had against Plaintiff.

14. Moreover, Defendant stated that Plaintiff incurred the subject debt on November 25, 2019 and that the debt was reported on Plaintiff's credit reports on July 24, 2013.

15. Defendant's inconsistent statements referenced in paragraph 14 are individually false.

16.  Plaintiff informed Defendant of her advanced age and of the negative effects its oppressive collection attempts had on Plaintiff.

17.  In response, Defendant berated and mocked Plaintiff for not making a payment towards the subject debt.

18.  On at least one occasion, Defendant failed to disclose itself as a debt collector upon contacting Plaintiff.

19.  Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or

due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, and association of debt collectors, since 2014.[2]

26. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692d

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

28. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct after Plaintiff communicated to Defendant of the negative effects its harassing collection campaign was having on an elderly person such as Plaintiff. Moreover, Defendant harassed and abused Plaintiff by mocking her for failing to make a payment towards the subject debt. Defendant also harassed Plaintiff when it attempted to intimidate

---

[2] https://www.acainternational.org/search#memberdirectory

her by reading to Plaintiff her entire Social Security number and date of birth during a recorded conversation.

### a.  Violations of FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

31. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to misrepresent the date the subject debt was incurred and the date when

the subject debt was allegedly reported on Plaintiff's credit reports. Defendant's actions only served to worry and confuse Plaintiff.

32. Defendant also violated §1692e, e(2), e(5), and e(10) when it issued deceptive threats to collect and/or attempt to collect the subject debt. It was deceptive for Defendant to threaten to pursue a lawsuit against Plaintiff without the intent to follow through. Defendant's lack of intent to pursue a lawsuit against Plaintiff is highlighted by the fact that it referred to its collection attempts as a "claim" against Plaintiff. From its actions, it was Defendant's goal to collect upon the subject debt outside of the judicial process.

33. Defendant further violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from enforcing her rights.

### b. Violations of FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by threatening to sue Plaintiff to collect upon the subject debt without the intent to follow through. Any reasonable fact finder will conclude that

Defendant's threats are unfair and unconscionable as they are designed to instill and under sense of urgency within consumers to make a payment.

36. Defendant further violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector and unlawfully designed shield itself from any potential retaliation.

37. As pled in paragraphs 19 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ROSALBA SERRANO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

38.Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

39.Plaintiff is a "consumer" as defined by Florida Statutes §559.55(8).

40.Defendant is a "debt collector" as defined by Florida Statutes §559.55(7).

41.The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

### a.  Violations of FCCPA § 559.72(8)

42.A person violates section 559.72(8) of the FCCPA when it uses profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

43.Defendant violated section 559.72(8) of the FCCPA when it willfully used abusive language as it attempted to collect from Plaintiff. Defendant's mockery and ridicule of Plaintiff was specifically designed to oppress her into immediately making a payment.

WHEREFORE, Plaintiff, ROSALBA SERRANO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Enter judgment in Plaintiff's favor and against Defendant;

9

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.


Dated: March 12, 2020                          Respectfully Submitted,

                                               /s/ Alejandro E. Figueroa
                                               Alejandro E. Figueroa, Esq.
                                               *Counsel for Plaintiff*
                                               Sulaiman Law Group, Ltd
                                               2500 S Highland Ave, Ste. 200
                                               Lombard, IL 60148
                                               Telephone: (630) 575-8181
                                               alejandrof@sulaimanlaw.com